

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JEFFREY JORDAN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 3:17-96-MGL-SVH |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| Defendant. ` | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jeffrey Jordan (Jordan) filed this employment action against his employer, Defendant South Carolina Department of Transportation (DOT), complaining of retaliation. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting DOT's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 14, 2018. Jordan filed his objections on January 11, 2019, and DOT filed its reply on February 1, 2019. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This is Jordan's second job discrimination suit against DOT. The parties settled the first action with a stipulation of dismissal with prejudice as to all claims that predated April 21, 2014, the date of the stipulation. Thus, this lawsuit covers Jordan's claims against DOT from April 21, 2014, until January 13, 2017, when he filed his amended complaint in this lawsuit.

Here, Jordan complains DOT retaliated against him because he filed his first action. Jordan specifically alleges the following:

> a. [His] time and attendance and performance of work typically within his scope of duties was questioned in an accusatory manner without justification;
>
> b. [He] was subjected to retaliatory statements by Mark Dezurik (Dezurik) and Dusty Turner (Turner), both of whom were in his chain of command and had been called as witnesses in his prior case;
>
> c. Upon information and belief, [DOT's] management advised Jeremy Knight, then-Interim Resident Maintenance Engineer [(RME)] and [Jordan's] supervisor, to attempt to get rid of [him];
>
> d. Management failed to investigate when another employee reported that [Jordan] was being subjected to retaliation;
>
> e. [Jordan] received an unfavorable performance rating; [and]
>
> f. [Jordan] was denied selection or even an interview on November 18, 2014, for [an RME] position.

Amended Complaint ¶ 11. These retaliation claims fall into two broad categories: Subsections "a." through "e." enumerate DOT's alleged retaliation in its purported mistreatment of Jordan (mistreatment claims); and Subsection "f." concerns DOT's asserted retaliation in failing to

2

interview or select Jordan for the RME position in Saluda County for which he applied (application claim).

Jordan offers three objections to the Report. First, he "objects to the [M]agistrate [J]udge's conclusion that no reasonable jury could find a genuine dispute of material fact exists as to whether or not [DOT's] reasons for excluding [Jordan] from interviews and not promoting [him] were pretextual." Objections 2.

According to Jordan, the Magistrate Judge "concluded erroneously that [DOT] met its burden of establishing that summary judgment is appropriate and that [Jordan] did not adequately point to record evidence that is sufficient for a reasonable jury to disbelieve the veracity of [DOT'S] reason for not promoting [him].' *Id*. (internal quotation marks omitted) (citation omitted).

"Plaintiff must prove three elements to establish a prima facie case of retaliation: (1) [he] engaged in a protected activity; (2) [his] employer took an adverse employment action against [him]; and (3) there was a causal link between the two events." *Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 429 (4th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"An adverse employment action is one that well might have dissuaded a reasonable worker from engaging in protected conduct.'" *Ray v. Int'l Paper Co.*, 909 F.3d 661, 670 (4th Cir. 2018) (citation omitted) (internal quotation marks omitted). "[A]lthough an adverse action need not affect the terms and conditions of employment, there must be some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it." *Id*. "If the defendant advances a lawful explanation for the alleged retaliatory action, the plaintiff must demonstrate that the defendant's reason for taking the adverse employment action was pretextual." *Adams,* 789 F.3d at 429.

The "Minimum and Additional Requirements" for the 2014 RME position were posted as follows: "A bachelor's degree in engineering and four (4) years of journey-level engineering work

3

experience; or a bachelor's degree in engineering technology and six (6) years of journey-level engineering work experience; or an approved acceptable equivalence in accordance with State Human Resource Regulations." Report 4.

Twenty five individuals applied for the RME position. Dezurik and Turner were responsible for selecting the candidates to interview for the job. They narrowed the interview field to those applicants possessing four-year engineering degrees. *See* Turner Depo. 66: 12–20 ("[Dezurik] gave me the referral list and said look at these and see what you want to—which ones you want to interview, and after looking through the applicants—I mean, it was 25 of them, so I—I basically said, We ought to probably just do ones with a bachelor's degree, and you know, me and [Dezurik] got together, and he had said the same exact thing.").

As per DOT's Dezurik's October 8, 2014, memorandum:

> A total of ten (10) applicants were chosen to interview for the position. One applicant declined, so nine individuals were actually interviewed. Based on the outcome of the interview process, Ms. Rebecca Campbell was selected for the position. She has a BS in Civil/Environmental Engineering. She has approximately ten (10) years practical work experience, including Central Lab, Constructions, and Maintenance with [DOT]. She has extensive supervisory experience, as well as her [Professional Engineering (PE)] license. Ms. Campbell's education and overall skill set make her fully qualified for the position of RME in Saluda County.

ECF No. 36-3 at 19.

The Magistrate Judge suggests DOT has articulated a legitimate, non-retaliatory reason for its non-selection of Jordan: it thought Campbell was better qualified for the position. She notes Campbell possesses a four-year engineering degree. Jordan does not. Campbell also has a PE license, something Jordan is unable to obtain because he lacks the prerequisite engineering degree.

The Magistrate Judge further recommends Jordan has neglected to marshal evidence that could lead a reasonable jury to conclude (1) DOT's proffered reasons for interviewing only those with engineering degrees and ultimately hiring Campbell should be disbelieved, and (2) the true

4

motive behind Jordan's non-selection was retaliation for filing his first lawsuit against DOT. Report 15.

Although "a factfinder [can] infer discrimination if the evidence showed a reasonable employer would have found the plaintiff significantly better qualified for the job but nevertheless failed to offer the position to [him]," the plaintiff is not required "to establish this disparity in order to survive a motion for summary judgment[.]" *Holcomb v. Powell*, 433 F.3d 889, 897 (D.C. Cir. 2006). "[A] plaintiff attacking a qualifications-based explanation is expressly not limited to comparing [his] qualifications against those of the successful applicant; [he] may seek to expose other flaws in the employer's explanation[.]" *Id.*

Jordan, however, has failed "to expose other flaws in the employer's explanation[.]" *Id.* And the Court thinks no reasonable jury would find DOT's stated reason for selecting Campbell, and not him, for the RME job was false and the real reason was retaliation. *See Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015) (When "persuading the court that he has been the victim of intentional retaliation. . . . a plaintiff must establish both that the employer's reason was false and that [retaliation] was the real reason for the challenged conduct."

Nevertheless, Jordan maintains "the [M]agistrate [J]udge erred by reviewing [his mistreatment claims] as if they were distinct claims of retaliation instead of considering the evidence submitted as a whole." Objections 3. He suggests "[w]hen the record is viewed as a whole, there is no question that a reasonable jury could find retaliation here." *Id.* The Court is of the firm opinion, however, that his mistreatment claims fail to support his application claim of retaliation.

As noted above, even though "retaliatory actions need not affect the terms and conditions of employment to come within Title VII's prohibition. . . retaliatory actions do have to be materially adverse—such that they might have dissuaded a reasonable worker from engaging in protected activity." *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 327 (4th Cir. 2018) (citation

omitted) (internal quotation marks omitted). The use of the term materially adverse "is important to separate significant from trivial harms. Title VII . . . does not set forth a general civility code for the American workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation omitted) (internal quotation marks omitted).

"The antiretaliation provision seeks to prevent employer interference with unfettered access to Title VII's remedial mechanisms. *Id*. (citation omitted) (internal quotation marks omitted). "It does so by prohibiting employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers. *Id*. (citation omitted) (internal quotation marks omitted). But "normally[,] petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id*.

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id*. at 67. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id*. at 68.

Put simply, Jordan's decision to file his first lawsuit fails to immunize him "from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id*. at 68. Thus, he is unable to show his mistreatment claims "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*.

In sum, Jordan's mistreatment claims, whether considered separate from his application claim or as a part of it, fail to give rise to a cognizable retaliation claim. As such, the Court will overrule Jordan's first objection.

In Jordan's second objection, he "objects to the [M]agistrate [J]udge's refusal to consider certain evidence that occurred before and after the timeframe addressed in the Complaint that tended to prove or disprove facts of the case." Objections 8.

The excluded evidence includes (1) reference to the April 30, 2018, deposition of Ed Gassman, who was not hired at DOT until after Jordan filed this action, (2) the affidavit of Anthony Matthews concerning conduct alleged to have occurred after Jordan filed this suit; and (3) Jordan's references in his affidavit to statements outside the relevant time frame. Because the Court agrees with the Magistrate Judge's treatment of this evidence, however, the Court will overrule Jordan's second objection.

In Jordan's third objections, he "objects to the [M]agistrate [J]udge's conclusion that the statements made in the Anthony Matthews [a]ffidavit were inadmissible hearsay." *Id* at 10.

The Court also agrees with the Magistrate Judge's decision to exclude this evidence and is unpersuaded by Jordan's arguments to the contrary. Thus, the Court will overrule Jordan's third objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Jordan's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court DOT's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 28th day of February, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE